IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DAVID RODNEY BEAVERS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. CIV-11-1442-D |
| | ) | |
| LENNIERE VICTORIAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## O R D E R

Before the Court for consideration is Defendants' *Daubert* Motion, or in the Alternative,

Motion in Limine [Doc. No. 204].[1]  By this Motion, Defendants seek to exclude the testimony of

Norris Hoover, Plaintiffs' designated expert witness regarding trucking industry practices and

standards.  Defendants first challenge the sufficiency of Mr. Hoover's expert report to satisfy the

requirements of Fed. R. Civ. P. 26(a)(2)(B), and seek the exclusion of his testimony as a sanction

for Plaintiffs' violation of a duty of disclosure.  Although not cited in the Motion, sanctions for

failure to comply with the disclosure requirements of Rule 26(a) are governed by Fed. R. Civ.

P. 37(c).  Defendants also challenge the admissibility of Mr. Hoover's expert opinions pursuant to

Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

Defendants contend Mr. Hoover is not qualified in the relevant disciplines to offer expert opinions

regarding certain matters, that some of his expressed opinions are unreliable because they are not

---

[1]  The Motion is made by Defendants Shonda Copeland as Administrator of the Estate of Anthony
B. Copeland, Bee-Line Delivery Service, Inc., and Gulf Delivery Systems, Inc.  Plaintiffs have voluntarily
dismissed one of the original movants, Great Western Leasing and Sales, Inc.

sufficiently supported, and that his opinions regarding legal standards and legal conclusions are irrelevant. The Motion is fully briefed and at issue.

**Exclusion as a Rule 37 Sanction for Inadequate Disclosure**

Rule 26(a)(2) requires an expert witness who has been retained to testify in a case to provide a written report that contains, as pertinent here, the following information:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
>      *     *     *
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). Defendants contend that Mr. Hoover's report fails to satisfy these requirements. They urge the Court to prohibit Plaintiffs from using Mr. Hoover as a trial witness, which is a sanction expressly authorized by Rule 37(c) "unless the failure was substantially justified or is harmless." *See* Fed. R. Civ. P. 37(c)(1).

Although Plaintiffs do not concede that Mr. Hoover's report was deficient, they urge the Court to permit his testimony because any deficiencies in his report have been cured. Plaintiffs state that Mr. Hoover supplied all information required by Rule 26(a)(2)(B) during a deposition that was taken after Defendants' Motion was filed.[2] Defendants do not respond to this argument in their reply brief.[3]

---

[2] Defendants based their *Daubert* challenge only on deposition testimony that Mr. Hoover had previously given in other cases. *See* Defs.' Motion [Doc. No. 204], Exhibits 3, 4, 6 and 11.

[3] The lack of a response suggests that Defendants could have avoided a Rule 37 challenge altogether if they had complied with the requirements of Rule 37(a)(1) and LCvR37.1 to confer with Plaintiffs in an effort to obtain the disclosure without court action.

"The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (internal quotation omitted); *see Neiberger v. Fed Ex Ground Package Sys., Inc.*, 566 F.3d 1184, 1191-92 (10th Cir. 2009); *Jacobsen v. Deseret Book Co.* 287 F.3d 936, 953 (10th Cir. 2002). The court of appeals has identified the following factors to guide a district court's exercise of discretion:

> (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the [violating] party's bad faith or willfulness.

*Woodworker's Supply*, 170 F.3d at 993; *Jacobsen*, 287 F.3d at 953. The proper focus of the "cure" factor is prejudice to the opposing party's ability to effectively prepare for or address the substance of an inadequate report. *See Jacobsen*, 287 F.3d at 953-54.

Although Plaintiffs refuse to concede the issue, it is clear that a Rule 26(a) violation occurred. Plaintiffs admit that Mr. Hoover first disclosed the compensation to be paid during his deposition. It also appears that his expert report was incomplete with regard to the opinions he intends to express at trial and the basis for them. During his deposition, Mr. Hoover testified that he had made mistakes in preparing his report and that some stated conclusions were incorrect.

Without condoning the apparent lack of attention given by Mr. Hoover to his written report, the Court finds that Defendants have failed to justify the exclusion of his testimony from Plaintiffs' case. Defendants do not assert that Plaintiffs, their counsel, or Mr. Hoover acted willfully or in bad faith. Defendant learned the substance of the opinions that Mr. Hoover intends to express at trial during his deposition, which occurred within the time period for discovery and well in advance of trial. In their reply brief, Defendants do not identify any prejudice allegedly caused by the

inadequate report; they only argue their *Daubert* challenge.  *See* Defs.' Reply Br. [Doc. No. 246] at 3-10.

Upon consideration of Defendants' arguments regarding Mr. Hoover's report, the parties' briefs, and the case record, the Court finds that any deficiencies in the written report have not prejudiced Defendants' ability to prepare for trial in light of Mr. Hoover's subsequent clarification of his opinions through his deposition testimony.  Defendants have not identified any prejudice, or any inability to cure it, that would justify the extreme sanction of excluding the testimony of Plaintiffs' expert witness regarding trucking operations and safety.  Accordingly, it is within the Court's discretion to permit Mr. Hoover to testify regarding his opinions, provided they survive Defendants' Rule 702 challenge and are relevant to the trial issues.  *See Neiberger*, 566 F.3d at 1192.

## Admissibility of Expert Testimony Under Rule 702

The Supreme Court's decision in *Daubert* has been codified in Fed. R. Evid. 702, which sets forth the standards for admissibility of expert opinions and defines the trial court's gatekeeper role. As explained by the court of appeals:

> Under Rule 702, the district court must satisfy itself that the proposed expert testimony is both reliable and relevant, in that it will assist the trier of fact, before permitting a jury to assess such testimony.  In determining whether expert testimony is admissible, the district court generally must first determine whether the expert is qualified by knowledge, skill, experience, training, or education to render an opinion. Second, if the expert is sufficiently qualified, the court must determine whether the expert's opinion is reliable by assessing the underlying reasoning and methodology, as set forth in *Daubert*.

> Reliability questions may concern the expert's data, method, or his application of the method to the data.  The party offering the expert must show that the method employed by the expert . . . is scientifically sound and that the opinion is based on facts which satisfy Rule 702's reliability requirements.  Under *Daubert*, any step that renders the expert's analysis unreliable . . . renders the expert's testimony inadmissible.

*United States v. Nacchio*, 555 F.3d 1234, 1241-42 (10th Cir. 2009) (en banc) (internal quotations and citations omitted). When the testimony of an expert is challenged, the proponent of the testimony bears the burden of establishing its admissibility. *See* Fed. R. Evid. 104(a); *see also Nacchio*, 555 F.3d at 1241.

## A.    Mr. Hoover's Qualifications

Defendants' Motion first challenges whether Mr. Hoover is "a witness qualified as an expert 'by knowledge, skill, experience, training or education'" to render opinions regarding accident reconstruction or "engineering questions." *See* Defs.' Motion at 21 (quoting Fed. R. Evid. 702). Defendants contend that Mr. Hoover's credentials are limited to experience in risk management and the trucking industry (including vehicle inspection and operation). *See id.* at 22. In criticizing Mr. Hoover's qualifications, Defendants focus on only two specific matters that Mr. Hoover proposes to address in his testimony: 1) one of the trailer valves had "massive air loss;" and 2) the brakes on the truck were "inoperative due to frozen air lines." *See id.* at 21, 22 (quoting Report, Ex. 1 to Defs.' Motion [Doc. No. 204-1] (hereafter "Hoover Report") at 3).

In light of Defendants' arguments, the Court will limit its inquiry to these areas. This focused approach is appropriate because "'[t]he issue with regard to expert testimony is not the qualifications of a witness in the abstract, but whether those qualifications provide a foundation for a witness to answer a specific question.'" *In re Williams Sec. Litigation*, 496 F. Supp. 2d 1195, 1232 (N.D. Okla. 2007) (quoting *Berry v. City of Detroit*, 25 F.3d 1342, 1351 (6th Cir.1994); alteration in *Williams*). The qualifications of a proposed expert must be assessed with regard to the specific subject matter because "the expert's qualifications must be both (i) adequate in a general, qualitative

sense (*i.e.*, 'knowledge, skill, experience, training or education' as required by Rule 702) and (ii) specific to the matters he proposes to address as an expert." *Williams*, 496 F. Supp. 2d at 1232.

### 1.    Air Loss in a Trailer Valve

Plaintiffs do not effectively address Mr. Hoover's expertise regarding the occurrence of a "massive air loss."  Plaintiffs concede that Mr. Hoover cannot say the air loss contributed to the collision, but they argue that he should be permitted to testify regarding this alleged defect in the trailer as evidence of poor maintenance and inadequate inspection.  *See* Pls.' Resp. Br. at 14, 22. This argument begs the question of Mr. Hoover's qualification to determine that a "massive air loss" occurred prior to the collision.  Plaintiffs admit that Mr. Hoover was not engaged as an accident reconstuctionist, and that his expertise in this case is limited to matters of driver training, safety standards, proper techniques for mountain driving, and maintenance issues related to freezing temperatures.  *See id*. at 17-18.  Nothing in Mr. Hoover's credentials or his report suggests that he is qualified to diagnose a pre-accident equipment failure based solely on a post-accident examination of the vehicle.

Upon consideration, the Court finds that Plaintiffs have failed to establish that the existence of "a massive air leak" before the collision falls within the reasonable confines of Mr. Hoover's expertise.  Therefore, Mr. Hoover will not be permitted to testify on the topic of air loss in a trailer valve that rendered the trailer "defective" (Hoover Report at 3) .

### 2.    Frozen Brake Lines

Contrary to Defendants' argument, the existence of "frozen air lines" in the braking system was not a conclusion reached by Mr. Hoover from his own inspection but from the accident investigation conducted by Colorado State Patrol officers.  One of the reported violations was:

"Inoperative or Defective Brakes - all brakes on trailer inoperative due to lines being blocked by ice at gladhand connection." *See* Def.'s Motion, Ex. 9 [Doc. No. 204-9]. From the facts reported by the investigating officers, Mr. Hoover concludes that the frozen condition of the brake lines would have impaired vehicle performance, and could have been avoided by adequate inspection or proper safety techniques of the driver.

Upon consideration of the issue of Mr. Hoover's qualifications to address performance and safety issues related to frozen brake lines, the Court finds that these matters fall within his area of expertise. Mr. Hoover's credentials show, and Defendants appear to concede, he has over 40 years of experience in the trucking industry in areas related to commercial motor carrier operations, driver training, safety standards, regulatory compliance, and risk management.[4] Therefore, Mr. Hoover will be permitted to provide expert opinion testimony regarding frozen brake lines, provided his opinions have sufficient indicia of reliability.

**B.    Reliability of Mr. Hoover's Opinions**

Defendants assert that Mr. Hoover's opinions regarding alleged deficiencies in the performance of the truck driver, Defendant Lenniere Victorian, and the condition of the semitrailer-tractor are unsupported by any scientific analysis or methodology and, therefore, are unreliable. Defendants specifically challenge Mr. Hoover's conclusion that Mr. Victorian used the wrong gear to descend a steep grade, while Mr. Hoover admits he is unfamiliar with the particular truck being driven and does not know what gear Mr. Victorian was using. *See* Defs.' Reply Br. [Doc. No. 246] at 6-7. Defendants also challenge Mr. Hoover's opinions that the frozen air lines and water in the

---

[4] Defendants' challenge stated in their reply brief is that Mr. Hoover reached his conclusions regarding frozen brakes without sufficient data or methodology. *See* Defs.' Reply Br. [Doc. No. 246] at 7-8.

air reservoir tanks should have placed the vehicle out of service, had Mr. Victorian properly inspected the brakes and tested them before the descent. *Id*. at 7-8.

Were the Court to address this issue based solely on the contents of Mr. Hoover's report, Defendants' argument might be persuasive. Viewed in the context of explanations provided in Mr. Hoover's deposition testimony, however, the Court finds that his opinions are adequately supported. Mr. Hoover was not engaged to reconstruct the accident or provide a scientific analysis. Plaintiffs intend to present his opinions concerning the truck driver's performance, mountain driving techniques, and safety practices. These opinions are based on Mr. Hoover's industry experience, training, and knowledge, and on the facts stated in investigative reports, diagnostic and data reports from the vehicle, a post-accident inspection of the vehicle, and information personally known to him from past experience with the route, similar trucks, and mountainous conditions. Mr. Hoover readily admitted during his deposition that he had made some errors in his assumptions, such as the lack of an air line dryer on the vehicle, but he explained why the change of facts did not alter his conclusions.[5] In short, the Court finds that Defendants' criticisms of Mr. Hoover's opinions regarding the driver's operating errors and unsafe practices go to the weight rather than the admissibility of the opinions.

## C.    Relevance of Legal Conclusions

Defendants also assert that some of Mr. Hoover's opinions should be excluded as irrelevant. On this basis, they challenge Mr. Hoover's alleged interpretation of state and federal safety regulations and his conclusions that Mr. Victorian's conduct was grossly negligent and that Anthony

---

[5]    In fact, Mr. Hoover's modified opinion is consistent with the conclusion of Defendants' engineering expert, Dr. Cline Young, that the air dryer on the vehicle could not have been functioning properly given that the air lines were blocked by ice. *See* Defs.' Motion, Ex. 12 [Doc. No. 204-12].

Copeland d/b/a Trinity Delivery Service negligently entrusted the subject truck to Mr. Victorian. Defendants argue that Mr. Hoover's opinions regarding these matters constitute legal conclusions that he is not qualified to give and that invade the province of the Court and the jury.

After careful consideration, the Court finds no reliable basis for Mr. Hoover to opine that the alleged errors committed by Mr. Victorian or Mr. Copeland amounted to "negligence" or "gross negligence," and any expression of these conclusory opinions would be not be helpful to the jury. Mr. Hoover may express his opinion concerning the extent or degree to which Mr. Victorian's conduct failed to satisfy reasonable truck driving or safety standards, but he will not be permitted to testify in terms that have legal meanings. The jury will be instructed concerning the relevant law, and the jurors will be required to apply those instructions to the facts they find from the evidence. Mr. Copeland's negligence will not be a trial issue at all because summary judgment has been granted on Plaintiffs' negligent entrustment claim. *See* Order of November 28, 2012 [Doc. No. 233]. Therefore, any opinion Mr. Hoover may have on this issue is clearly irrelevant.

Concerning the issue of federal regulations and regulatory compliance, however, the Court reaches a different conclusion. While Mr. Hoover should not be permitted to render a legal opinion or give a legal interpretation, his expertise with regard to federal motor carrier safety regulations may be helpful in explaining to the jury the technical requirements of these laws as they relate to any factual issues in the case. The regulations cited in Mr. Hoover's report relate to vehicle inspections and equipment safety, and their application, if any, may require specialized training and technical knowledge. Therefore, the Court finds that testimony in this area may be relevant, and reserves the issue of admissibility of particular testimony for contemporaneous objections at trial.

**Conclusion**

For these reasons, the Court rules that the opinions of Mr. Hoover regarding a "massive air loss" in a valve near the rear of the trailer, "gross negligence," and "negligent entrustment" should be excluded, but that all other challenged opinions of Mr. Hoover are admissible, subject to contemporaneous objections to particular testimony.

IT IS THEREFORE ORDERED that Defendants' *Daubert* Motion, or in the Alternative, Motion in Limine [Doc. No. 204] is GRANTED in part and DENIED in part, as set forth herein.

IT IS SO ORDERED this 2nd day of April, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE